Fern Flomenhaft
FERN FLOMENHAFT PLLC
26 Broadway, 26th Floor
New York, NY 10004
(212) 796-7601

*Attorneys for Defendants*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| 96 WYTHE ACQUISITION, LLC, | Case No. 21-22108 (SHL) |
| Debtor, | |
| STEPHEN S. GRAY, Not Individually But Solely In His Capacity as Chapter 11 Trustee of the Estate of 96 Wythe Acquisition, LLC, | Adv. Pro. No. 22-07048 (SHL) |
| Plaintiff, | |
| v. | **MEMORANDUM OF LAW IN SUPPORT OF CROSS-MOTION FOR WITHDRAWAL OF THE REFERENCE** |
| THE WILLIAMSBURG HOTEL BK, LLC, TOBY MOSKOVITS, MICHAEL LICHTENSTEIN and HERITAGE EQUITY PARTNERS, | |
| Defendants. | |

**TABLE OF CONTENTS**

**INTRODUCTION** ............................................................................................................................. 1

**PROCEDURAL BACKGROUND** .................................................................................................. 2

**ARGUMENT** ..................................................................................................................................... 3

    A.   The Legal Standard for Withdrawal.............................................................................. 3

    B.   All the Relevant Factors Favor Withdrawal ................................................................ 5

    C.   All of the Claims Asserted by the Plaintiffs in this Adversary Proceeding are Non-Core Claims, and the Bankruptcy Court is Statutorily Prohibited from Entering Final Judgment on Them........................................................................................................ 6

        a.   Core v. Non-core: all of the claims in this proceeding are non-core ......................... 6

        b.   Bankruptcy Court does not have authority to enter final judgment on a claim ...... 8

        c.   Other factors favor withdrawal ................................................................................. 8

        d.   The case law favors withdrawal ................................................................................. 9

**CONCLUSION** ................................................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Acolyte Elec. Corp.* v. *City of New York,* 69 Bankr. 155, 173 (Bankr. E.D.N.Y. 1986) .............................. 9
*Dev. Specialists, Inc. v. Akin Gump Strauss Hauer Feld LLP,* 462 B.R. 457, 473 (S.D.N.Y. 2011) ........... 2
*Development Specialists, Inc. v. Peabody Energy Corp. (In re Coudert Brothers),* No. 11 Civ. 4949, 2011 U.S. Dist. LEXIS 135990 (S.D.N.Y. Nov. 23, 2011) ............................................................................ 7
In *In re McCrory Corp.,* 160 B.R.502 (S.D.N.Y. Oct. 26, 1993) .................................................................. 9
*In re Jacoby*, 2017 U.S. Dist. LEXIS 176970, 2017 WL 4838388, at *5 ................................................... 5
*In re Lyondell Chem. Co.*, 467 B.R. 712, 719 (S.D.N.Y. 2012) .................................................................. 4
*In re McCrory Corp.*, 160 B.R. 502 (S.D.N.Y. Oct. 26, 1993) ................................................................. 1
*In re Ne. Indus. Dev. Corp.*, 511 B.R. at 54 ............................................................................................... 6
*In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993) ..................................................................... 4
*Messer v. Magee (In re FKF 3, LLC)*, No. 13-CV-3601 (KMK), 2016 U.S. Dist. LEXIS 117258, 2016 WL 4540842, at *6 (S.D.N.Y. Aug. 30, 2016) ......................................................................................... 4
*Retired Partners of Coudert Bros. v. Baker & McKenzie (In re Coudert Bros.),* No. 11-2785, 2011 U.S. Dist. LEXIS 110425 at *21-22 (S.D.N.Y. Sept. 23, 2011) ........................................................................... 7
*Silverman* v. *General Ry. Signal Co.,* 144 Bankr. 244, 249 (Bankr. S.D.N.Y. 1992) ................................. 9
*Singer Co. B.V. v. Groz-Beckert KG (In re Singer Co.)*, 2002 U.S. Dist. LEXIS 2629 ........................................................................................................................ 2, 9
*Stern v. Marshall*, 564 U.S. 462, 131 S. Ct. 2594 (2011) ....................................................................... 4, 7
*Wellness Intern. Network, Ltd. v. Sharif,* 135 S. Ct. 1932 (2015) ............................................................. 2
*Wong v. HSBC Bank USA (In re Lehman Bros. Holdings Inc.)*, 532 B.R. 203, 215 (S.D.N.Y. 2015) ......... 6
*Wood v. Wood, 825 F.2d 90, 97 (5th Cir. 1987)  )* ..................................................................................... 9

**Statutes**

**28 U.S.C. § 157(c)(1)** ................................................................................................................................. 7
**28 U.S.C. §§ 157 (2)(A), (E) and (O)** ..................................................................................................... 1

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR CROSS-MOTION TO WITHDRAW THE BANKRUPTCY COURT REFERENCE FOR CAUSE**

Defendants, The Williamsburg Hotel BK, LLC, Toby Moskovits, Michael Lichtenstein (collectively, "Defendants") submit this Memorandum of Law in support of their Cross-Motion to Withdraw the Bankruptcy Court Reference.

## INTRODUCTION

Defendants bring this Motion to Withdraw the Bankruptcy Court Reference because the Bankruptcy Court cannot ultimately adjudicate the claims asserted in this adversary proceeding. Instead, only the District Court (*i.e.,* an Article III tribunal) can enter a final judgment in this action.

In Plaintiff's Complaint, Plaintiff Attorneys for Stephen S. Gray, Not Individually But Solely In His Capacity as a Chapter 11 Trustee (the "Trustee"), alleges that this adversary proceeding is a core proceeding under 28 U.S.C. §§ 157 (2)(A), (E) and (O), and therefore that this Court has jurisdiction to hear and to determine this proceeding and to enter a final order and judgment. (Complaint ¶ 14, attached to the Flomenhaft Declaration as Exhibit 4). The U.S. Supreme Court and Defendants, however, disagree. First, this adversary proceeding regarding ownership of intellectual property, including consideration of the Lanham Act, private property rights and the validity of an oral or implied license is not a core proceeding. *In re McCrory Corp.*, 160 B.R. 502 (S.D.N.Y. Oct. 26, 1993); *Singer Co. B.V. v. Groz-Beckert KG*

1

*(In re Singer Co.)*, 2002 U.S. Dist. LEXIS 2629. Second, the Supreme Court has held that a bankruptcy court's power to enter final judgments on matters is not coextensive with the Bankruptcy Code's list of core claims. *Stern v. Marshall*, 131 S. Ct. 2594, 2615 (2011). Where, as here, an adversary proceeding involves only private rights, an Article III tribunal must enter final judgment in the proceeding. *See Wellness Intern. Network, Ltd. v. Sharif,* 135 S. Ct. 1932 (2015).[1]

Thus, this action will inevitably find its way into the District Court. Given that fact, judicial economy will be served if this case is litigated in the District Court from its inception. Indeed, the types of factors that have led other District Courts to maintain actions in Bankruptcy Courts in other cases (*e.g.,* claims that require specialized bankruptcy knowledge to resolve) are not present here. Accordingly, the reference to the Bankruptcy Court should be withdrawn. *Dev. Specialists, Inc. v. Akin Gump Strauss Hauer Feld LLP*, 462 B.R. 457, 473 (S.D.N.Y. 2011).

## PROCEDURAL BACKGROUND

The Trustee filed a two-count Complaint on November 29, 2022, against Defendants seeking in both counts a final judgment regarding private rights, namely the ownership of the intellectual property, including two service marks/trademarks registered in

---

[1] When a district court refers a case to a bankruptcy judge, that judge's statutory authority depends on whether Congress has classified the matter as a "[c]ore proceedin[g]" or a "[n]on-core proceedin[g]," §§157(b)(2), (4)—much as the authority of bankruptcy referees, before the 1978 Act, depended on whether the proceeding was "summary" or "plenary." Congress identified as "[c]ore" a nonexclusive list of 16 types of proceedings, §157(b)(2), in which it thought bankruptcy courts could constitutionally enter judgment. **3** Congress gave bankruptcy courts the power to "hear and determine" core proceedings and to "enter appropriate orders and judgments," subject to appellate review by the district court. §157(b)(1); see §158. But it gave bankruptcy courts more limited authority in non-core proceedings: They may "hear and determine" such proceedings, and "enter appropriate orders and judgments," only "with the consent of all the parties to the proceeding." §157(c)(2). Absent consent, bankruptcy courts in non-core proceedings may only "submit proposed findings of fact and conclusions of law," which the district courts review *de novo*. §157(c)(1). *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 670-71, 135 S. Ct. 1932, 1940 (2015)

2

the individual name of Defendant Toby Moskovits. Count I asks the court for a Declaratory Judgment that the "IP Assets are Owned by the Debtor." Count II asks for an Order directing Moskovits to Surrender service marks registered as U.S. Reg. Nos. 6285046 ("The Williamsburg Hotel") and 5890332 ("Sleep With A Local"). "The Trustee requests that the Court enter judgment ordering Moskovits to voluntarily surrender for cancellation" these service marks.

The Trustee immediately moved on December 12, 2022, to shorten Defendants' time to answer the Complaint [Doc 5]. At a hearing on December 13, 2022, to entertain the Trustee's motion to shorten the time, the Bankruptcy court (Judge Lane) gave strict deadlines for responsive papers. See Scheduling Letter from Trustee's Counsel, attached to the Flomenhaft Declaration as Exhibit 6. According to the Court-ordered schedule, Defendants' Answer was due on December 23, 2022. The Trustee's Motion for Summary judgment was ordered to be filed on or before January 5, 2023. Defendants' Opposition was due on January 18, 2023, by noon. This cross-motion, being filed as part of and at the same time as Defendants' Opposition to the Trustee's summary judgment motion, is therefore timely.

In Defendants Answer, Defendants did not consent to the entry of final orders or judgments by the Bankruptcy Court. See Defendants Answer, attached to the Flomenhaft Declaration as Exhibit 5, ¶ 15.

## ARGUMENT

### A. The Legal Standard for Withdrawal

28 U.S.C. §157 (a) authorizes a district court to provide that bankruptcy matters be referred to the district's bankruptcy courts. However, under 28 U.S.C. § 157 (d), the district court

3

may, and in some circumstances, must withdraw the reference of such matters. *In Re McCrory,* 160 B.R. at 505.

Courts in this circuit consider several factors in determining whether a party has shown "cause" to withdraw a reference. *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993), instructed district courts to first assess whether a case involved "core matters," which bankruptcy courts have statutory authority to decide, or "non-core matters," as to which bankruptcy courts have statutory authority only to issue "proposed finds of fact and conclusions of law" subject to *de novo* review by the district court, 28 U.S.C. § 157. This threshold determination, the *Orion* Court stated, is "th[e] issue [on which] questions of efficiency and uniformity will turn." *Orion*, 4 F.3d at 1101. After deciding that question, the *Orion* Court instructed, a court should consider whether the claim is "legal or equitable" and weigh "considerations of efficiency, prevention of forum shopping, and uniformity in the administration of bankruptcy law." *Ibid.*

*Orion* predates *Stern v. Marshall*, 564 U.S. 462, 131 S. Ct. 2594 (2011), in which the Supreme Court held that bankruptcy courts lack authority to issue final judgment in even some "core" proceedings. *Id.* at 469, 482. Since *Stern*, many courts have treated the first-stage inquiry as whether the bankruptcy court has authority to finally adjudicate the matter, rather than whether the claim is core or noncore. *See, e.g., In re Lyondell Chem. Co.*, 467 B.R. 712, 719 (S.D.N.Y. 2012); *Messer v. Magee (In re FKF 3, LLC)*, No. 13-CV-3601 (KMK), 2016 U.S. Dist. LEXIS 117258, 2016 WL 4540842, at *6 (S.D.N.Y. Aug. 30, 2016).

Under a post-*Stern* analysis "a district court evaluating a motion to withdraw must first determine whether or not the bankruptcy court has constitutional authority to enter final judgment on a claim, since it is on this issue that questions of efficiency and uniformity turn." *Lyondell Chemical co.,* 467 B.R. at 719.

4

### B. All the Relevant Factors Favor Withdrawal

Applying the *Orion* factors or the framework set forth in *Stern*, it cannot be disputed that all the relevant factors, in particular, core v. non-core, public v. private rights, and the Bankruptcy court's authority to enter a final determination, weigh in favor of withdrawal. There can be no question that a determination of who owns the service marks in question does not depend on the bankruptcy laws and therefore is without doubt a non-core claim. The question of who owns the property rights to the service marks are likewise non-core claims as well as claims involving private rights. Finally, the most important factor under *Stern*, i.e., whether the Bankruptcy Court has the authority to enter final judgment, weighs in favor of withdrawal. There can be no question that the Trustee's claims for a judgment declaring that the Debtor, as opposed to the individual in whose name the service marks were registered, owns the service marks involve private rights that may not be finally adjudicated by the Bankruptcy Court.

In addition, in this case the Bankruptcy Court will not be the more efficient arbiter. Though the Bankruptcy Court may be familiar with the facts of the Chapter 11 Bankruptcy proceeding, the Bankruptcy court is no more familiar than the District Court with the facts underlying this adversary proceeding, i.e., those having to do with development and ownership of the service marks. Thus, the Bankruptcy Court is no more well positioned to handle this adversary proceeding than the District Court which ultimately will have to reexamine the same facts de novo."*In re Jacoby*, 2017 U.S. Dist. LEXIS 176970, 2017 WL 4838388, at *5.

Similarly, the Bankruptcy Court has no special expertise to address the types of claims at issue in this case which have nothing to do with Bankruptcy law and which exclusively relate to the specialized law affecting trademarks, including claims involving the Lanham Act (a non-bankruptcy statute), the validity of an oral license (a contract issue triggering application of State

5

law) and ordinary property rights. Thus, the Bankruptcy Court is no more likely than the District Court to most efficiently manage this case.

Not only does the Bankruptcy Court have no authority to enter final judgment on these claims, it has no experience with claims of this nature that would be useful in handling this case in any more "efficient manner." *Ibid.*

The remaining *Orion* factors justify the same result. The Trustee cannot claim that it would be more efficient for the Bankruptcy Court to handle pre-trial matters (compare *In re Ne. Indus. Dev. Corp.*, 511 B.R. at 54; *see Wong v. HSBC Bank USA (In re Lehman Bros. Holdings Inc.)*, 532 B.R. 203, 215 (S.D.N.Y. 2015)). The Bankruptcy Court has already deemed discovery complete. Moreover, in this adversary proceeding, the Trustee has moved from the Pleadings to Summary Judgment all within one month, without "passing Go," with no opportunity for discovery or pre-trial litigation. Thus, even if the Bankruptcy Court were arguably equipped to handle pre-trial litigation, that factor is not applicable here, since the Trustee, in this adversary proceeding, seeks only a final judgment. Therefore, only the District Court can provide or reject the relief sought by the Trustee. In addition, concerns related to forum shopping do not exist in this case. *Orion*, 4 F.3d at 1101.

**C. All of the Claims Asserted by the Plaintiffs in this Adversary Proceeding are Non-Core Claims, and the Bankruptcy Court is Statutorily Prohibited from Entering Final Judgment on Them**

**a. Core v. Non-core: all of the claims in this proceeding are non-core**

All of the claims asserted by the Plaintiffs in this Adversary Proceeding, based on Trademark issues, interpretation and application of the Lanham Act, validity of an alleged oral license, and property rights to the intellectual property and service marks in question, are non-core claims, and the Bankruptcy Court lacks the authority to render a final judgment on non-core

claims. Indeed, the Bankruptcy Court is statutorily prohibited from entering final judgment on them. *See* 28 U.S.C. § 157(c)(1) and constitutionally prohibited from entering final judgment on them. *See Stern v. Marshall*, 564 U.S. 462, 131 S. Ct. 2594 (2011).

It is well established that a claim is non-core when it does not depend on the bankruptcy laws for its existence and when it could proceed in a court that lacks federal bankruptcy jurisdiction. *Development Specialists, Inc. v. Peabody Energy Corp. (In re Coudert Brothers),* No. 11 Civ. 4949, 2011 U.S. Dist. LEXIS 135990 (S.D.N.Y. Nov. 23, 2011). Clearly the issues of: (1) who owns the intellectual property registered in the individual name of Toby Moskovits, (2) whether Moskovits gave a valid oral license to the Management Company to use the intellectual property in its operation of the Hotel, and (3) whether Moskovits can and should be compelled to voluntarily surrender the license to the two service marks at issue, are issues that do not depend on the bankruptcy laws for their existence. The issues here, moreover, involve the interpretation of provisions of the Lanham Act (a non-bankruptcy statute) and validity of an oral license (a contract issue triggering application of State law).

Moreover, "proceedings are not rendered core simply because they may involve property of the estate which one day may be used to satisfy creditors." *See also Stern, supra,* 564 U.S. at 493 (holding a private right does not transform into a public right simply because the debtor's recovery would augment the estate). *See also Retired Partners of Coudert Bros. v. Baker & McKenzie (In re Coudert Bros.),* No. 11-2785, 2011 U.S. Dist. LEXIS 110425 at *21-22 (S.D.N.Y. Sept. 23, 2011) (rejecting the argument that fraudulent transfer claims involve public rights because their resolution would have the effect of modifying the creditor-debtor relationships).

7

### b. The Bankruptcy Court does not have authority to enter final judgment on a claim

This Adversary Proceeding, and this motion in particular, thus seeks exactly what this Court cannot provide, i.e., final judgment (1) declaring that the Debtor owns "The Williamsburg Hotel" name and service mark, the "Sleep With A Local" service mark and all other intellectual property utilized in the operation of The Williamsburg, and (2) ordering Defendant Toby Moskovits ("Moskovits") to voluntarily surrender for cancellation U.S. Reg. No. 6285046 for "The Williamsburg Hotel" service mark and U.S. Reg. No. 5890332 for the "Sleep With A Local" service mark.

This Court does not have jurisdiction to issue any such order even assuming it were warranted, as the issues required for such a determination are all non-core claims, which have no connection with the bankruptcy laws.

### c. Other factors favor withdrawal

Here, Plaintiffs cannot even represent that the Service Marks at issue "one day may be used to satisfy creditors." As of the date of this filing, the Bankruptcy Court approved the terms of a proposed sale to the heavily branded ARLO hotel chain, owner of 5 hotels (Arlo Soho, Arlo Midtown, Arlo NoMad, Arlo Wyndham and Nautilus by Arlo). This buyer could have no use for the service marks in question as they have their own distinct brand, and the Trustee has not shown otherwise. Indeed, the Purchase and Sale Agreement gives no value to the service marks, which, defines the "intangible property" transferred to include "The Williamsburg Hotel" service mark and other intellectual property "to the extent a current ownership dispute is determined in the Seller's favor." The sale price is not affected by the outcome of the "current ownership dispute." See Purchase and Sale Agreement, Exhibit 1, § 1.4. See also Arlo promotional materials. Flomenhaft Declaration, Exhibits 2 and 3.

8

### d. The case law favors withdrawal

In *In re McCrory Corp.,* 160 B.R.502 (S.D.N.Y. Oct. 26, 1993), is a case directly on point. In that case, the issue for determination was the Bankruptcy Court's jurisdiction to decide the validity of the trademarks at issue and the Plaintiff's attempt to cancel the trademark owner's trademark. The Second Circuit held that the validity of the trademarks clearly are not issues which could only arise in the context of a bankruptcy case:

> The Court finds, however, that this adversary proceeding is not a core proceeding within the meaning of § 157. "[A] proceeding is encompassed within the bankruptcy court's core . . . 'if it invokes a substantive right provided by title 11 or if it is a proceeding that, by nature, could arise only in the context of a bankruptcy case.'" *Silverman* v. *General Ry. Signal Co.,* 144 Bankr. 244, 249 (Bankr. S.D.N.Y. 1992) (quoting *Wood v. Wood, 825 F.2d 90, 97 (5th Cir. 1987)*); *accord Acolyte Elec. Corp.* v. *City of New York,* 69 Bankr. 155, 173 (Bankr. E.D.N.Y. 1986) ("To be a core proceeding, an action must have as its foundation the creation, recognition, or adjudication of rights which would not exist independent of a bankruptcy environment."), *aff'd,* 1987 WL 47763 (E.D.N.Y. Mar. 27, 1987).
>
> While McCrory obviously seeks to prevail in the adversary proceeding in order to reorganize, it also seeks to cancel 99 Only's trademarks and enjoin defendant from protecting its registered marks. As a result, the proceeding is not one which could arise only in the context of a bankruptcy case. Certainly, the dispute would exist independent of a bankruptcy environment.

Id. at 11.

*See also, Singer Co. B.V. v. Groz-Beckert KG (In re Singer Co.),* 2002 U.S. Dist. LEXIS 2629, which is also directly on point. In *Singer,* the patent owner's motion to withdraw the reference for the adversarial proceeding was granted. The Second Circuit held that withdrawal was mandatory because resolution of the adversary proceeding required consideration of domestic patent law. In particular, the adversary proceeding required a determination of whether the plaintiffs had a property interest in the patent and the validity of the plaintiffs' claim of an implied patent license. The Court stated:

9

> All of the complaint's related bankruptcy law issues that follow depend upon whether a court finds that the Singer plaintiffs have a property interest in the 330 patent. Thus, the patent law issues are central to the complaint.
>
> The Singer plaintiffs' claim to an implied patent raises the difficult patent law question of determining under what circumstances an implied patent license can arise. The primary issue is whether Singer Germany's transfer of a needle manufacturing machine to Singer Brasil let to an implied license.

*Id,* at 9.

As in *McCrory*, which involved the identical issues of the validity of the trademark and whether the trademark should be canceled, and *Singer,* which involved the very comparable question of who had a property interest in the patent, in this case withdrawal is mandatory because resolution of the adversary proceeding depends on interpretation of trademark law issues, property rights and implied license. These are not issues which could only arise in the context of a bankruptcy case and over which the court does not have the constitutional authority to rule.

## **CONCLUSION**

In sum, all of the claims in this adversary proceeding are non-core claims, based on trademark law, interpretation and application of Lanham Act, a non-bankruptcy statute, validity of an oral or implied license, property rights to intellectual property, including service marks registered in the individual name of Defendant Toby Moskovits. The bankruptcy court has no statutory or constitutional authority to render a final judgment on these non-core claims, and no special knowledge or expertise to rule on them more efficiently than the District Court which ultimately will have to review them and the record *de novo*.

WHEREFORE, Defendants, The Williamsburg Hotel BK, LLC, Toby Moskovits, Michael Lichtenstein respectfully ask the Court enter an order that (1) withdraws the reference to the Bankruptcy Court, and (2) grants Defendants any further relief the Court deems proper.

Dated: New York, New York
January 18, 2023

Respectfully submitted,

FERN FLOMENHAFT PLLC

_____
Fern Flomenhaft
26 Broadway, 26th Floor
New York, New York 10004
212 796-7601
fflomenhaft@fflomlaw.com