TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Frank A. Oswald
Neil Berger
John McClain

*Counsel to Stephen S. Gray,*
*Not Individually But Solely in His Capacity*
*as Chapter 11 Trustee*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
                                   :

In re:                            :   Chapter 11
                                   :

96 WYTHE ACQUISITION LLC,     :   Case No. 21-22108 (SHL)
                                   :

              Debtor.    :   (Jointly Administered)
                                   :

------------------------------------------------------------------ x
                                   :

STEPHEN S. GRAY, Not Individually But Solely  :
in His Capacity as Chapter 11 Trustee of the Estate  :
of 96 WYTHE ACQUISITION LLC,     :   Adv. Pro. No. 22-07048 (SHL)
                                   :

            Plaintiff,    :
                                   :   USDC Case No. 23-cv-00498 (KMK)(AEK)

             v.          :
                                   :

THE WILLIAMSBURG HOTEL BK, LLC;  TOBY   :
MOSKOVITS; MICHAEL LICHTENSTEIN; and   :
HERITAGE EQUITY PARTNERS,    :
                                   :

           Defendants.   :

------------------------------------------------------------------ x

## CHAPTER 11 TRUSTEE'S OBJECTION TO THE DEFENDANTS' CROSS-
## MOTION TO WITHDRAW THE BANKRUPTCY COURT REFERENCE

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ............................................................................................2

RELEVANT BACKGROUND ...........................................................................................5

    The IP Order and the Adversary Proceeding ...............................................................5

    The Bankruptcy Court's Approval of the Sale of the Hotel .......................................6

ARGUMENT .....................................................................................................................8

    Defendants Are Barred from Contesting the Bankruptcy Court's
    Jurisdiction to Hear the Adversary Proceeding ..........................................................8

    Defendants Have Not Shown Sufficient Cause for Permissive Withdrawal...........9

    In the Alternative, the Bankruptcy Court Should Hear this
    Proceeding and Make Proposed Findings of Fact and
    Conclusions of Law To Assist the District Court .......................................................13

CONCLUSION...................................................................................................................15

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ali v. Mukasey*, 529 F.3d 478 (2d Cir. 2008) .......................................................................9

*Enron Power Mktg., Inc. v. Holcim, Inc. (In re Enron Corp.)*, 2004 WL 2149124 (S.D.N.Y. Sept. 23, 2004) ...............................................................................................................13

*Exec. Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014) ...................................13

*In re Pali Holdings, Inc.*, 488 B.R. 841 (Bankr. S.D.N.Y. 2013) ...............................14

*In re Residential Cap., LLC*, No. 12-12020 (MG), 2015 WL 2375979 (Bankr. S.D.N.Y. May 15, 2015)...............................................................................10

*In re Terrestar Corp.*, Case No. 16-cv-01421-ER, 2017 WL 1040448 (S.D.N.Y. Mar. 16, 2017) ...................................................................................9

*Kenai Corp. v. Nat'l Union Fire Ins. Co. (In re Kenai Corp.)*, 136 B.R. 59 (S.D.N.Y. 1992) ..........................................................................13

*Lehman Bros. Holdings Inc. v. Wellmont Health Sys.*, No. 14 Civ. 01083 (LGS), 2014 WL 3583089 (S.D.N.Y. July 18, 2014).................................................11

*Messer v. Bentley Manhattan, Inc. (In re Madison Bentley Assocs., LLC)*, 474 B.R. 430 (S.D.N.Y. 2012) .....................................................................11

*Orion Pictures Corp. v. Showtime Networks, Inc.*, 4 F.3d 1095 (2d. Cir. 1993).......................10

*Stern v. Marshall*, 564 U.S. 462 (2011)................................................................10

*Thaler v. Parker*, 525 B.R. 582 (E.D.N.Y. 2014)....................................................10

*Wellness Intern. Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015) .................................8

**Statutes**

11 U.S.C. § 1104 ............................................................................................3

28 U.S.C. § 1334 ........................................................................................5, 13

28 U.S.C. § 157 ...........................................................................................5

TO THE HONORABLE KENNETH M. KARAS,
UNITED STATES DISTRICT JUDGE:

Stephen S. Gray, not individually but solely in his capacity as Chapter 11 trustee (the "Plaintiff" or "Trustee") of the estate of 96 Wythe Acquisition LLC (the "Debtor") in the above-captioned Chapter 11 case (the "Chapter 11 Case"), by his attorneys, Togut, Segal & Segal LLP (the "Togut Firm"), respectively submits to this court (the "District Court") this objection (the "Objection") to the Cross-Motion to Withdraw the Bankruptcy Court Reference [Adv. Pro. Dkt. No. 16][1] (the "Motion") filed by The Williamsburg Hotel BK, LLC, Toby Moskovits, Michael Lichtenstein, and Heritage Equity Partners (collectively, "Defendants" and together with the Trustee, the "Parties").

In support of his Objection, the Trustee respectfully states as follows.

## PRELIMINARY STATEMENT

Defendants' Motion improperly seeks to wrest jurisdiction from the bankruptcy court (the "Bankruptcy Court") for the above-captioned adversary proceeding (the "Adversary Proceeding") even though Defendants consented to such jurisdiction over the specific issue in dispute more than five months ago, as reflected in the Bankruptcy Court's August 18, 2022 negotiated final Order Regarding Hotel Operating Assets and Intellectual Property (the "IP Order"). *See* Declaration of Jared C. Borriello, Esq., dated January 25, 2023 ("Borriello Decl.") Ex. 1 (IP Order). Defendants make the Motion in spite of their consent and despite having actively participated in repeated litigation before the Bankruptcy Court over the last two years, during which

---

[1]  References to "Bankr. Dkt. No.__" refer to the main Chapter 11 Case of the Debtor pending in the Bankruptcy Court, Case No. 21-22108 (SHL).  References  to "Adv. Pro. Dkt. No.__" refer to the Adversary Proceeding.

time they have never made any jurisdictional objection.  The Motion is merely Defendants' latest improper attempt to frustrate the progress of the Chapter 11 Case.

During the summer of 2022, the Trustee—who was appointed by Judge Drain for cause under 11 U.S.C. § 1104(a)(1) relating to Defendants' fraud and misconduct—reached a dispute with Defendants regarding, *inter alia*, the intellectual-property assets (the "IP Assets") that are the subject of the Adversary Proceeding.  Over the course of several days prior to entry of the IP Order, the Parties attempted to negotiate a consensual resolution of the dispute, and the Parties ultimately agreed that the Trustee would submit the proposed IP Order on notice of presentment (the "NOP").  *See* Borriello Decl. Ex. 2 (Togut Firm Email and Attachments);  Borriello Decl. Ex. 3 (Tarter Krinsky Email).  The Trustee followed the agreed-upon course and submitted the NOP.  *See* Borriello Decl. Ex. 4 (NOP).  Defendants made no objection to the NOP, and Judge Lane entered the IP Order with the parties' agreed-upon language.  Importantly, in the IP Order, the Bankruptcy Court stated that:  (1) it has jurisdiction over the dispute regarding the IP Assets;  (2) adjudication of disputes concerning the IP Assets are core proceedings;  and (3) the Bankruptcy Court would address the question of the ownership of the IP Assets if the Trustee and Defendants were ultimately unable to resolve the dispute consensually.

Since the date that the IP Order was entered, Defendants have neither sought reconsideration of nor taken appeal from the IP Order, yet they now seek to circumvent the IP Order's consented-to effect.  Defendants' efforts to withdraw the reference at this juncture is impermissible as a procedural matter, both as a matter of consent/waiver and as a failure to timely pursue the proper relief from the IP Order, which is now barred.

Even had the IP Order not been negotiated by the Parties, agreed to by Defendants, and entered by the Bankruptcy Court, the Motion also fails as a matter of substance, because Defendants have not shown cause warranting withdrawal of the reference. Defendants themselves invoked the Bankruptcy Court's jurisdiction almost two years ago by causing the Debtor to file a Chapter 11 bankruptcy petition (the "Petition") in the Bankruptcy Court. Since then, the Bankruptcy Court has overseen the Chapter 11 Case generally. Defendants have been active parties in the Chapter 11 Case in both their individual and non-Debtor corporate capacities, have appeared regularly at hearings, and have engaged in extensive motion practice. Also since the Petition was filed, the Bankruptcy Court appointed the Trustee and entered the IP Order concerning the parties' dispute regarding the IP Assets. Throughout all of the aforementioned, Defendants have never once challenged the Bankruptcy Court's jurisdiction to administer the Chapter 11 Case, and the Bankruptcy Court has gained familiarity with both the issues and the parties, notably including their respective tactics, credibility, and respect for judicial authority.

Recently, the Bankruptcy Court approved the sale (the "Sale") of the Debtor's most significant asset, The Williamsburg Hotel (the "Hotel"), which has one of the IP Assets at issue in the Adversary Proceeding, the Hotel's name, physically embossed into its façade. Defendants did not object the Sale of the Hotel and the related IP Assets, but they now move this Court to withdraw the reference to the Adversary Proceeding.

The reason for Defendants' eleventh-hour challenge to the Bankruptcy Court's jurisdiction is apparent: they seek an "escape hatch" preventing the Bankruptcy Court from hearing and/or determining this matter both (1) to delay adjudication of the Adversary Proceeding in the hopes of potentially derailing the Sale

and (2) to find a judge who is unfamiliar with Defendants' dilatory tactics, improper behavior, and questionable credibility in the hopes of changing the course of the Chapter 11 Case.  However, courts in this Circuit have consistently rejected such improper tactics and forum-shopping.

The Trustee respectfully submits that the District Court should follow suit and reject Defendants' efforts, not the least because district-court adjudication of the ownership of the IP Assets would remove issues inextricable from (or extricate assets physically embossed into) those that are, and long have been, administered by the Bankruptcy Court, including with Defendants' express consent.

For multiple reasons, Defendants' Motion should be denied.

## RELEVANT BACKGROUND[2]

**The IP Order and the Adversary Proceeding**

On August 18, 2022, the Bankruptcy Court entered the *Order Regarding Hotel Operating Assets and Intellectual Property* [Bankr. Dkt. No. 657] (the "IP Order"). The IP Order provides:

> Upon the Notice of Presentment of Stephen S. Gray, not individually but solely in his capacity as the Chapter 11 trustee (the "Trustee") of the estate of 96 Wythe Acquisition LLC (the "Debtor") in the above-captioned chapter 11 case for entry of an order (this "Order") enforcing the automatic stay and for injunctive relief; and **it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.); and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution**; . . . and the Court having heard the statements regarding the relief requested in this Order at a hearing before the Court; and it appearing that the relief requested is in the best interests of the

---

[2]   A more extensive background of the case is set forth within the Trustee's Complaint that initiated the Adversary Proceeding.  [Adv. Pro. Dkt. No. 1]

Debtor, its estate, its creditors, and other parties-in-interest; and the Court having determined there is just cause for the relief granted herein; and upon all the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED:

. . .

4. For the avoidance of doubt, **if the Trustee and the [Defendants] are unable to reach a consensual resolution regarding the ownership of the IP Assets . . . the Court will address such issues upon the filing of an appropriate motion or adversary proceeding**, which may be heard on an expedited basis (subject to the Court's calendar).

*See* Borriello Decl. Ex. 1 (IP Order), Preamble and ¶ 4 (emphases added). As described above, the language of the IP Order was negotiated by the Togut Firm on behalf of the Trustee and Tarter, Krinsky & Drogin LLP ("Tarter Krinsky") on behalf of Defendants on August 4, 8, and 9, 2022. *See* Borriello Decl. Ex. 2 (Togut Firm Email); Borriello Decl. Ex. 3 (Tarter Krinsky Email).

The Trustee ultimately concluded that a consensual resolution regarding the ownership of the IP Assets was not possible and, pursuant to the terms of the IP Order, commenced the Adversary Proceeding in the Bankruptcy Court on November 29, 2022 [Adv. Pro. Dkt. No. 1]. *See* Borriello Decl. Ex. 5 (Complaint).

**The Bankruptcy Court's Approval of the Sale of the Hotel**

On October 21, 2022, the Trustee filed the *Chapter 11 Trustee's Motion for Entry of Orders (I)(A) Approving Bid Procedures for the Sale of Substantially All of the Debtor's Assets; (B) Establishing Procedures to Designate a Stalking Horse Bidder and Enter Into a Stalking Horse Agreement With Bid Protections; (C) Scheduling an Auction and Sale Hearing; (D) Approving the Form and Manner of Notice Thereof; (E) Approving Procedures for Assumption and Assignment of Certain Executory Contracts and Unexpired Leases and (F) Granting Related Relief; and (II)(A) Approving the Sale Free and Clear of All Liens, Claims, Interests, and Encumbrances; (B) Authorizing the Assumption and Assignment of Executory*

*Contracts and Unexpired Leases; and (C) Granting Related Relief.* [Bankr. Dkt. No. 752] (the "Sale Motion"). The Sale Motion sought, among other things, to establish a procedure to sell all of the Debtor's assets, including the Hotel and the IP Assets. Defendants were given notice of the Sale Motion.

On November 15, 2022, the Bankruptcy Court entered the *Order (A) Approving Bid Procedures for the Sale of the Debtor's Assets; (B) Establishing Procedures to Designate a Stalking Horse Bidder and Enter Into a Stalking Horse Agreement with Bid Protections; (C) Scheduling an Auction and Sale Hearing; (D) Approving the Form and Manner of Notice Thereof; and (E) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (F) Granting Related Relief.* [Bankr. Dkt. No. 784] (the "Bid Procedures Order"). Defendants received notice of entry of the Bid Procedures Order.

On January 11, 2023, the Trustee filed the *Notice of (I) Trustee's Designation of Successful Bidder; and (II) Filing of (A) Sale and Purchase Agreement with Successful Bidder and (B) Proposed Sale Order)* [Bankr. Dkt. No. 869] (the "Sale Notice"), notice of which was given to Defendants. The Purchase Agreement (as defined in the Sale Notice) between the Trustee and successful bidder was attached to the Sale Notice, and expressly contemplated that the IP Assets would be sold to the extent that it is determined that the Debtor owns them. *See id.* at Ex. A (Purchase and Sale Agreement § 1.4). The Sale Notice scheduled a hearing on the sale of the Hotel for January 17, 2023. (the "Sale Hearing").

Defendants attended the Sale Hearing. At the Sale Hearing, the Bankruptcy Court approved the Sale of the Hotel. No objections to the Sale were filed, including to the provisions within the Purchase and Sale Agreement relating to the IP Assets.

## ARGUMENT

**Defendants Are Barred from Contesting the Bankruptcy Court's Jurisdiction to Hear the Adversary Proceeding**

As described above, Defendants:  (1) expressly agreed to the proposed IP Order;  (2) did not object after the Trustee noticed the IP Order for presentment, as Defendants agreed the Trustee should do;  and (3) have never challenged the IP Order. For these reasons, as described below, Defendants are barred from pursuing the relief that their Motion seeks.

First, Defendants' consent to the IP Order is dispositive of the Motion. While Defendants invoke *Wellness Intern. Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015) for the proposition that Article III of the United States Constitution does not allow the Bankruptcy Court to enter a final judgment in this proceeding without the parties' consent, *see* Motion at 5, *Sharif* makes clear that Article III is not violated when parties "knowingly and voluntarily consent to adjudication by a bankruptcy judge." *Sharif*, 135 S. Ct. at 1939.  Through seasoned bankruptcy counsel at Tarter Krinsky, Defendants negotiated the language of the IP Order with the Togut Firm.  *See* Borriello Decl. Ex. 2 (Togut Firm Email and Attachments);  Borriello Decl. Ex. 3 (Tarter Krinsky Email).

As quoted above, the IP Order provides that the Bankruptcy Court has jurisdiction to adjudicate the issues relating to the IP Assets;  that the matter is a core proceeding;  and that the Bankruptcy Court would adjudicate the ownership of the IP Assets if the parties were unable to consensually resolve their dispute.  *See* IP Order at Preamble and ¶ 4.  Defendants also expressly consented to the IP Order's presentment and entry, and did not object once the NOP was filed.  In so doing, Defendants knowingly and voluntarily consented to the Bankruptcy Court's adjudication of the

Adversary Proceeding, and there exists no constitutional hurdle to the Bankruptcy Court hearing and entering final orders and judgments to adjudicate it.

Furthermore, even if Defendants did not provide their consent, the Bankruptcy Court has already ruled that it has jurisdiction over this matter and that the matter is core. *See* IP Order at Preamble. If a litigant wishes to challenge a bankruptcy court's order, it is required to either move the bankruptcy court for reconsideration pursuant to Federal Rule of Bankruptcy Procedure 9024 or to appeal from the order pursuant to Federal Rule of Bankruptcy Procedure 8003. Defendants have neither sought reconsideration of nor taken appeal from the IP Order. As a result, the IP Order is law of the case and must be enforced absent developments that Defendants have not alleged to have taken place. *See In re Terrestar Corp.*, Case No. 16-cv-01421-ER, 2017 WL 1040448, at *4 (S.D.N.Y. Mar. 16, 2017) ("The law of the case doctrine 'counsels a court against revisiting its prior rulings in subsequent stages of the same case absent cogent and compelling reasons such as an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'") (citing *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008)).

For multiple reasons, then, Defendants' Motion should be denied on procedural grounds.

**Defendants Have Not Shown Sufficient Cause for Permissive Withdrawal**

Even if they had not expressly consented to the Bankruptcy Court's jurisdiction, Defendants' Motion fails to make the showing necessary to justify withdrawal of the reference.

28 U.S.C. § 157 provides that "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). The party seeking

withdrawal of the reference bears the burden of establishing "cause."  *See Thaler v. Parker*, 525 B.R. 582, 585 (E.D.N.Y. 2014).

While "cause" is not statutorily defined, Second Circuit courts deciding whether permissive withdrawal is warranted generally weigh the considerations set forth in *Orion Pictures Corp. v. Showtime Networks, Inc.*, 4 F.3d 1095 (2d. Cir. 1993):

(i)     whether the action is core or non-core;

(ii)    judicial efficiency and economy;

(iii)   uniformity in bankruptcy administration;

(iv)    economical use of the debtors' and creditors' resources;

(v)     reduction of forum shopping;

(vi)    expediting the bankruptcy process;  and

(vii)   the presence of a jury demand.

*Id.* at 1011.  Defendants have not shown that any of the *Orion* considerations support their Motion.

*First*, Defendants are estopped from making any argument that this matter is not core because they negotiated and consented to language within the unchallenged IP Order such that the dispute over ownership of the IP Assets is expressly core.  *See In re Residential Cap., LLC*, No. 12-12020 (MG), 2015 WL 2375979, at *7-8 (Bankr. S.D.N.Y. May 15, 2015) (discussing doctrine of judicial estoppel).  Further, following the Supreme Court's ruling in *Stern v. Marshall*, 564 U.S. 462 (2011), courts have reframed the core/non-core consideration as a question of whether the bankruptcy court has constitutional authority to enter final judgment in the matter.  *Id.* at 503.  As discussed in Section I, the Bankruptcy Court has the constitutional authority to enter final judgment in the Adversary Proceeding by virtue of the parties' express consent thereto. *Sharif, supra*.

However, even if the District Court is inclined to entertain Defendants' argument and concludes that this matter is not core, the Bankruptcy Court may still hear the matter, and the reference need not be withdrawn.  *See Lehman Bros. Holdings Inc. v. Wellmont Health Sys*., No. 14 Civ. 01083 (LGS), 2014 WL 3583089, at *4 (S.D.N.Y. July 18, 2014) (declining to withdraw the reference with respect to a non-core matter when other *Orion* factors weighed against withdrawal: "That the bankruptcy court lacks final adjudicative authority to decide Lehman's claims, however, does not necessarily lead to the opposite conclusion-that the first *Orion* factor weighs favor of withdrawal of the reference. . . .  Rather, the remaining *Orion* factors, and in particular, considerations of judicial efficiency, suggest that. . . this matter should be left to the bankruptcy court in the first instance").

*Second*, while Defendants argue that the Bankruptcy Court's adjudication of this dispute would be a waste of judicial resources because the District Court might ultimately conclude that it should determine the matter *de novo*, district courts routinely disagree with arguments that bankruptcy courts' reports and recommendations are wasteful, explaining that by virtue of the bankruptcy courts' familiarity with the parties involved in the cases, "judicial efficiency" is often served when the "matter is left to the bankruptcy court in the first instance[.]"  *Wellmont*, *supra*; *see Messer v. Bentley Manhattan, Inc. (In re Madison Bentley Assocs., LLC)*, 474 B.R. 430, 440 (S.D.N.Y. 2012) (declining to withdraw the reference in the interests of judicial economy even though the bankruptcy court lacked authority to enter final judgment in the matter).  On the contrary, requiring a new judge to expend significant time and resources to familiarize themselves with the lengthy history of the Debtor's case would tax scarce judicial resources.

*Third*, uniformity in bankruptcy administration would not be served by granting the Motion.  The Bankruptcy Court has approved the Sale of the Debtor's Hotel, which has one of the IP Assets physically embossed into its façade, and the Purchase and Sale Agreement approved by the Bankruptcy Court contemplates that the Sale may transfer the IP Assets.  [Bankr. Dkt. No. 869 at Ex. A § 1.4]  The Adversary Proceeding is thus inextricably intertwined with matters unquestionably subject to the Bankruptcy Court's administration of the Debtor's case and the Debtor's most significant asset.  To have one court administer the Sale while another adjudicates what is being sold would create the risk of conflicts that threaten the uniformity of the Chapter 11 Case's administration, rather than promote it.

*Fourth*, in addition to taxing limited judicial resources, withdrawing the Adversary Proceeding to the District Court would require unnecessary additional expense by both the Debtor's estate and Defendants.  The Motion is the most recent example of Defendants' repeated tactics designed to delay and frustrate the progress of this Chapter 11 Case, and it is hypocritical for Defendants to argue that the Motion will preserve resources when Defendants have caused so much of estate resources to be unnecessarily spent already, which has needlessly prolonged the Chapter 11 case.

*Fifth* and *Sixth*, as discussed above, the reasons why Defendants filed the Motion are apparent:  Defendants seek an eleventh-hour "escape hatch" preventing the Bankruptcy Court from hearing and/or determining this matter both (1) to delay adjudication of the Adversary Proceeding in the hopes of potentially derailing the Sale and (2) to find a judge that is unfamiliar with Defendants' repeated dilatory tactics and lack of credibility in the hopes of changing the course of the Chapter 11 Case.  Granting the Motion would frustrate *Orion*'s goals of reducing forum-shopping and expediting the bankruptcy process.  For that reason, courts in this district routinely reject dilatory

forum-shopping efforts like those evinced by the Motion.  *See Kenai Corp. v. Nat'l Union Fire Ins. Co. (In re Kenai Corp.)*, 136 B.R. 59, 61 (S.D.N.Y. 1992) (cautioning that withdrawal should be employed "judiciously in order to prevent it from becoming just another litigation tactic for parties eager to find a way out of bankruptcy court");  *Enron Power Mktg., Inc. v. Holcrim, Inc. (In re: Enron Power Mktg., Inc.)*, No. 04 Civ. 509MBM, 2004 WL 2149124, at *5 (S.D.N.Y. Sept. 23, 2004)  (noting that courts construe 28 U.S.C. § 157(d) "narrowly in order to prevent an 'escape hatch' out of the bankruptcy court" (citations omitted)).

*Finally*, there has been no jury demand in this matter, so this consideration does not support the Motion.

Because none of the *Orion* considerations support the Motion, Defendants have failed to show cause for withdrawal under 28 U.S.C. § 157, and the Motion should be denied for this reason, as well.

**In the Alternative, the Bankruptcy Court Should Hear this Proceeding and Make Proposed Findings of Fact and Conclusions of Law To Assist the District Court**

Regardless of whether the Bankruptcy Court has the authority to enter a final judgment in this matter, it unquestionably has subject-matter jurisdiction to "hear" the matter.  *See* 28 U.S.C. § 1334 (providing that original and exclusive jurisdiction over all bankruptcy cases rests with the district courts);  28 U.S.C. § 157(a) (providing that district courts may refer to bankruptcy courts "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in *or related to a case under title 11*" (emphasis added)).

In *Exec. Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165, 2173 (2014), the Supreme Court held that bankruptcy courts should hear non-core claims and issue reports and recommendations thereupon to the district courts, which review them *de*

*novo* prior to entry of judgment. *Id.* at 2173. This district's amended standing order of reference is consistent with *Arkison*:

> …If a bankruptcy judge or district judge determines that entry of a final order or judgment by a bankruptcy judge would not be consistent with Article III of the United States Constitution in a particular proceeding referred under this order and determined to be a core matter, the ***bankruptcy judge shall, unless otherwise ordered by the district court, hear the proceeding and submit proposed findings of fact and conclusions of law to the district court***. The district court may treat any order of the bankruptcy court as proposed findings of fact and conclusions of law in the event the district court concluded that the bankruptcy judge could not have entered a final order or judgment consistent with Article III of the United States Constitution.

Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.) (emphasis added). Moreover, the filing of Defendants' Motion does not stay the proceedings before the Bankruptcy Court. *In re Pali Holdings, Inc.*, 488 B.R. 841, 848 (Bankr. S.D.N.Y. 2013) (noting that "Fed. R. Bankr. P. 5011, which governs motions to withdraw the reference, provides that unless the bankruptcy judge orders otherwise, the filing of a motion to withdraw the reference does not stay the proceeding or case").

Thus, in the alternative, if the District Court disagrees that: (1) Defendants knowingly and voluntarily consented to the Bankruptcy Court's adjudication of this matter by negotiating, agreeing to the presentment of, and declining to object to entry of the IP Order; and (2) the Motion fails to show cause within the meaning of 28 U.S.C. § 157 sufficient for withdrawal of the reference, the Trustee respectfully submits that the District Court should nonetheless direct the Bankruptcy Court—which has extensive knowledge of the parties and the issues in the Chapter 11 Case and the Adversary proceeding—to hear this matter and submit proposed findings of fact and conclusions of law, in the interests of efficiency.

14

## <u>CONCLUSION</u>

For the foregoing reasons, the Trustee respectfully requests that the

District Court deny the Motion in its entirety and grant such other and further relief as

is just and proper.

DATED:  New York, New York
    January 25, 2023

            STEPHEN S. GRAY, Not Individually But
            Solely in His Capacity as Chapter 11 Trustee
            of 96 Wythe Acquisition LLC
            By his attorneys,
            TOGUT, SEGAL & SEGAL, LLP,
            By:

            */s/ Neil Berger*
            FRANK A. OSWALD
            NEIL BERGER
            JOHN MCCLAIN
            One Penn Plaza, Suite 3335
            New York, New York 10119
            (212) 594-5000