**EXHIBIT 2**

**August 10, 2022, 1:04 p.m. email and attachments from Togut Firm to Tarter Krinsky**

**From:** Jared Borriello jborriello@teamtogut.com 📎
**Subject:** Re: [EXT] 96 Wythe - Notice of Presentment of Proposed Order
**Date:** August 10, 2022 at 1:04 PM
**To:** Robert A. Wolf rwolf@tarterkrinsky.com
**Cc:** Frank Oswald frankoswald@teamtogut.com, Brian Shaughnessy bshaughnessy@teamtogut.com

Bob:

Please see the revised proposed order. Let us know if you would like to schedule a call to discuss. I'm on a conference call, but should free up by 1:45 p.m.

Thanks.

_____
Jared C. Borriello
Togut, Segal & Segal LLP
One Penn Plaza I Suite 3335 I New York, NY 10119
jborriello@teamtogut.com

Direct Tel: (212) 201-6571
Mobile:  (646) 512-2039
Fax: (212) 967-4258

www.togutlawfirm.com

WH – Revised
Propos...NE.doc

WH – Revised
Propos...INE.pdf

On Aug 10, 2022, at 9:20 AM, Robert A. Wolf <rwolf@tarterkrinsky.com> wrote:

Guys:  If the attached revised form of Order that I sent you yesterday is acceptable, please be good enough to email me a clean copy of the revised form and confirm that that is the form of Order you will be presenting to the Judge for signature tomorrow.  Thanks very much.   Bob

**Robert A. Wolf|Partner**
T: 212-216-1159|F: 212-216-8001
rwolf@tarterkrinsky.com|Bio

Tarter Krinsky & Drogin LLP
1350 Broadway|New York|NY|10018
www.tarterkrinsky.com|LinkedIn
COVID-19 RESOURCE CENTER
*Crain's* 2021 best places to work in NYC

**From:** Frank Oswald <frankoswald@teamtogut.com>
**Sent:** Tuesday, August 9, 2022 9:30 PM
**To:** Robert A. Wolf <rwolf@tarterkrinsky.com>
**Cc:** Jared Borriello <jborriello@teamtogut.com>; Brian Shaughnessy <bshaughnessy@teamtogut.com>
**Subject:** Re: [EXT] Fwd: 96 Wythe - Notice of Presentment of Proposed Order

thanks Bob
doesn't seem to be an issue to me
we will review with the Tee and circle back

Frank

Sent from my iPhone

On Aug 9, 2022, at 5:18 PM, Robert A. Wolf <rwolf@tarterkrinsky.com> wrote:

As per my brief conversation with Jared, attached please find a redline of the proposed order highlighting my clients' few suggested modifications.  I'm hoping these are acceptable so we can avoid objections and have an Order entered on Thursday.   Let me know.   Bob

<image001.png>

**Robert A. Wolf|Partner**
T: 212-216-1159|F: 212-216-8001
rwolf@tarterkrinsky.com|Bio
Tarter Krinsky & Drogin LLP
1350 Broadway|New York|NY|10018
www.tarterkrinsky.com|LinkedIn
COVID-19 RESOURCE CENTER
*Crain's* 2021 best places to work in NYC

**From:** Jared Borriello <jborriello@teamtogut.com>
**Sent:** Thursday, August 4, 2022 6:05 PM
**To:** Robert A. Wolf <rwolf@tarterkrinsky.com>; Scott Markowitz <SMarkowitz@tarterkrinsky.com>
**Cc:** Frank A. Oswald <frankoswald@teamtogut.com>; Brian Shaughnessy <bshaughnessy@teamtogut.com>
**Subject:** [EXT] Fwd: 96 Wythe - Notice of Presentment of Proposed Order

Bob/Scott:

Please see the attached.

_____
Jared C. Borriello
Togut, Segal & Segal LLP
One Penn Plaza I Suite 3335 I New York, NY 10119
jborriello@teamtogut.com

Direct Tel: (212) 201-6571
Mobile:  (646) 512-2039
Fax: (212) 967-4258

www.togutlawfirm.com

Tarter Krinsky & Drogin is fully operational in-person. However, because of anticipated delays in receiving regular mail and other deliveries, please e-mail copies of anything you send by regular mail or delivery, including issuing remittances electronically. Please contact our receptionist at reception@tarterkrinsky.com or by phone at 212-216-8000 with any questions. Thank you in advance for your courtesies.

NOTE: If regular mailing or other specific transmission type is required by terms of a contract, order or statute, please comply with those obligations and transmit the materials by the means set forth in the agreement, order or statute as well as by email.

Confidentiality Disclosure: This information in this email and in attachments is confidential and intended solely for the attention and use of the named (addressee(s). This information may be subject to attorney/client privilege or may otherwise be protected by work product privilege or other legal rules. It must not be disclosed to any person without our authority. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are not authorized to disclose, and must not disclose, copy, distribute, or retain this message or any part of it.

This email is an informal communication that is not meant to be legally binding upon the sender unless expressly noted to the contrary.

Tarter Krinsky & Drogin LLP, Attorneys-at-Law.

Tarter Krinsky & Drogin is fully operational in-person. However, because of anticipated delays in receiving regular mail and other deliveries, please e-mail copies of anything you send by regular mail or delivery, including issuing remittances electronically. Please contact our receptionist at reception@tarterkrinsky.com or by phone at 212-216-8000 with any questions. Thank you in advance for your courtesies.

NOTE: If regular mailing or other specific transmission type is required by terms of a contract, order or statute, please comply with those obligations and transmit the materials by the means set forth in the agreement, order or statute as well as by email.

Confidentiality Disclosure: This information in this email and in attachments is confidential and intended solely for the attention and use of the named (addressee(s). This information may be subject to attorney/client privilege or may otherwise be protected by work product privilege or other legal rules. It must not be disclosed to any person without our authority. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are not authorized to disclose, and must not disclose, copy, distribute, or retain this message or any part of it.

This email is an informal communication that is not meant to be legally binding upon the sender unless expressly noted to the contrary.

Tarter Krinsky & Drogin LLP, Attorneys-at-Law.

<Redline - 642 - Intellectual Property Assets Order-130236218-v1 and 642 - Intellectual Property Assets Order-130236218-v2.pdf>

*Togut Draft 8-10-22*
*Confidential Settlement Discussions | Subject to FRE 408 & Rules of Similar Import |*

```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
In re:                                                       :   Chapter 11
                                                             :
96 WYTHE ACQUISITION LLC,                                    :   Case No. 21-22108 (SHL)
                                                             :
                      Debtor.                                :
                                                             :
-------------------------------------------------------------x
```

**ORDER REGARDING HOTEL OPERATING**
**ASSETS AND INTELLECTUAL PROPERTY**

Upon the Notice of Presentment of Stephen S. Gray, not individually but solely in his capacity as the Chapter 11 trustee (the "Trustee") of the estate of 96 Wythe Acquisition LLC (the "Debtor") in the above-captioned chapter 11 case for entry of an order (this "Order") enforcing the automatic stay and for injunctive relief; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and that notice of presentment of this Order and the opportunity for a hearing was appropriate and no further notice need be given; and the Court having heard the statements regarding the relief requested in this Order at a hearing before the Court; and it appearing that the relief requested is in the best interests of the Debtor, its estate, its creditors, and other parties-in-interest; and the Court having determined there is just cause for the relief granted herein; and upon all

the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore, it is hereby:

**ORDERED:**

1. Except as to motions or adversary proceedings, if any, initiated in this Court, The Williamsburg Hotel BK, LLC (the "Manager"), ~~Heritage Equity Partners ("Heritage")~~, Toby Moskovits ("Moskovits"), Michael Lichtenstein ("Lichtenstein"), and any and all of their affiliates (including, without limitation, Heritage Equity Partners), agents, attorneys, representatives, and employees, (the Manager, ~~Heritage,~~ Moskovitz, Lichtenstein, and the foregoing additional entities, collectively, the "Manager~~Heritage~~ Group") shall not commence or continue any act, or any judicial, administrative, or other action or proceeding against the Debtor related to the Debtor's property and/or the continued operation of the Williamsburg Hotel (the "Hotel"), including, without limitation, (i) in connection with the ownership and use of "The Williamsburg Hotel" name/trademark and all other intellectual property (whether registered or unregistered, or arising at common law, by statute or otherwise) utilized in the operation of the Hotel, including without limitation, electronic and other digital assets and information related to the Hotel's operation, online presence and related marketing, such as the Hotel's website domain and social media platforms (collectively, the "IP Assets"), and (ii) any other assets used in connection with the operation of the Hotel (the "Hotel Operating Assets"), including without limitation, the Hotel's online reservation management system (the "Reservation System"), bookings by any person or entity at the Hotel, guest and customer information, and any other aspect of the IP Assets and/or operation of the Hotel.

2. The Manager~~Heritage~~ Group shall not undertake any act or actions (or fail to undertake any action) to disrupt or otherwise interfere with any aspect of the Trustee's operation and management of the Hotel.

3. The ~~Heritage~~ Manager Group shall (a) by no later than one (1) business day following entry of this Order, to the extent not already provided by the Manager Group or otherwise within the Trustee's control, provide the Trustee and his retained professionals direct and unlimited access to assets used in connection with the operation and management of the Hotel, including the Reservation System, and the IP Assets, including by providing any username, identification number, password, license or security key, security token, PIN or other security code used, alone or in combination, to verify an individual's identity and authorization to access and use the Reservation System, the IP Assets or any other online resource or service used in connection with any aspect of the Hotel's operation~~s~~ and management; and (b) otherwise preserve any and all such assets under their control.

4. Except as set forth in this Order, the Trustee's, the ~~Heritage~~ Manager Group's, and all parties-in-interest's rights, claims and defenses are reserved as to the ownership and use of the IP Assets and the Hotel Operating Assets, including the Reservation System.  Nothing in this Order shall in anyway be construed or deemed to decide the issues as to the ultimate ownership of the IP Assets and the Hotel Operating Assets, including the Reservation System.  For the avoidance of doubt, if the Trustee and the ~~Heritage~~ Manager Group are unable to reach a consensual resolution regarding the ownership of the IP Assets and the Hotel Operating Assets, including the Reservation System, the Court will address such issues upon the filing of an appropriate motion or adversary proceeding, which may be heard on an expedited basis (subject to the Court's calendar).

5.  This Order is without prejudice to the rights of the Trustee (or any other party-in-interest) to seek additional relief under applicable provisions of the Bankruptcy Code.

6.  The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order.

7.  Notwithstanding the possible applicability of Bankruptcy Rules 6004(a) and 6004(h) or otherwise, this Order shall be immediately effective and enforceable upon its entry.

8.  The Court shall retain exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Order or any other actions to implement, interpret or enforce the terms and provisions of this Order.

DATED:  White Plains, New York
             _____, 2022

_____
**HONORABLE SEAN H. LANE,**
 **UNITED STATES BANKRUPTCY JUDGE**

*Togut Draft 8-10-22*
*Confidential Settlement Discussions | Subject to FRE 408 & Rules of Similar Import |*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
: 
In re:                                              :   Chapter 11
                                                    :
96 WYTHE ACQUISITION LLC,                           :   Case No. 21-22108 (SHL)
                                                    :
                    Debtor.                         :
                                                    :
-------------------------------------------------------------x

## ORDER REGARDING HOTEL OPERATING
## ASSETS AND INTELLECTUAL PROPERTY

Upon the Notice of Presentment of Stephen S. Gray, not individually but solely in his capacity as the Chapter 11 trustee (the "Trustee") of the estate of 96 Wythe Acquisition LLC (the "Debtor") in the above-captioned chapter 11 case for entry of an order (this "Order") enforcing the automatic stay and for injunctive relief; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and that notice of presentment of this Order and the opportunity for a hearing was appropriate and no further notice need be given; and the Court having heard the statements regarding the relief requested in this Order at a hearing before the Court; and it appearing that the relief requested is in the best interests of the Debtor, its estate, its creditors, and other parties-in-interest; and the Court having determined there is just cause for the relief granted herein; and upon all

the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefore, it is hereby:

**ORDERED:**

1.  Except as to motions or adversary proceedings, if any, initiated in this Court, The Williamsburg Hotel BK, LLC (the "Manager"), ~~Heritage Equity Partners ("Heritage")~~, Toby Moskovits ("Moskovits"), Michael Lichtenstein ("Lichtenstein"), and any and all of their affiliates (including, without limitation, Heritage Equity Partners), agents, attorneys, representatives, and employees, (the Manager, ~~Heritage,~~ Moskovitz, Lichtenstein, and the foregoing additional entities, collectively, the "Manager~~Heritage~~ Group") shall not commence or continue any act, or any judicial, administrative, or other action or proceeding against the Debtor related to the Debtor's property and/or the continued operation of the Williamsburg Hotel (the "Hotel"), including, without limitation, (i) in connection with the ownership and use of "The Williamsburg Hotel" name/trademark and all other intellectual property (whether registered or unregistered, or arising at common law, by statute or otherwise) utilized in the operation of the Hotel, including without limitation, electronic and other digital assets and information related to the Hotel's operation, online presence and related marketing, such as the Hotel's website domain and social media platforms (collectively, the "IP Assets"), and (ii) any other assets used in connection with the operation of the Hotel (the "Hotel Operating Assets"), including without limitation, the Hotel's online reservation management system (the "Reservation System"), bookings by any person or entity at the Hotel, guest and customer information, and any other aspect of the IP Assets and/or operation of the Hotel.

2. The Manager~~Heritage~~ Group shall not undertake any act or actions (or fail to undertake any action) to disrupt or otherwise interfere with any aspect of the Trustee's operation and management of the Hotel.

3. The ~~Heritage~~ Manager Group shall (a) by no later than one (1) business day following entry of this Order, to the extent not already provided by the Manager Group or otherwise within the Trustee's control, provide the Trustee and his retained professionals direct and unlimited access to assets used in connection with the operation and management of the Hotel, including the Reservation System, and the IP Assets, including by providing any username, identification number, password, license or security key, security token, PIN or other security code used, alone or in combination, to verify an individual's identity and authorization to access and use the Reservation System, the IP Assets or any other online resource or service used in connection with any aspect of the Hotel's operation~~s~~ and management; and (b) otherwise preserve any and all such assets under their control.

4. Except as set forth in this Order, the Trustee's, the ~~Heritage~~ Manager Group's, and all parties-in-interest's rights, claims and defenses are reserved as to the ownership and use of the IP Assets and the Hotel Operating Assets, including the Reservation System.  Nothing in this Order shall in anyway be construed or deemed to decide the issues as to the ultimate ownership of the IP Assets and the Hotel Operating Assets, including the Reservation System.  For the avoidance of doubt, if the Trustee and the ~~Heritage~~ Manager Group are unable to reach a consensual resolution regarding the ownership of the IP Assets and the Hotel Operating Assets, including the Reservation System, the Court will address such issues upon the filing of an appropriate motion or adversary proceeding, which may be heard on an expedited basis (subject to the Court's calendar).

5. This Order is without prejudice to the rights of the Trustee (or any other party-in-interest) to seek additional relief under applicable provisions of the Bankruptcy Code.

6. The Trustee is authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order.

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(a) and 6004(h) or otherwise, this Order shall be immediately effective and enforceable upon its entry.

8. The Court shall retain exclusive jurisdiction with respect to any matters, claims, rights or disputes arising from or related to this Order or any other actions to implement, interpret or enforce the terms and provisions of this Order.

DATED: White Plains, New York
_____, 2022

_____
**HONORABLE SEAN H. LANE,**
 **UNITED STATES BANKRUPTCY JUDGE**